UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-CV-22383-ALTONAGA/O'Suvillan

FABIO GONZALO VALENCIA,

        Plaintiff,

vs.

HANDY WASH, INC., d/b/a INDEPENDENT DRIVERS ASSOCIATION, ZUNI TRANSPORTATION, INC., and JORGE AZOR,

        Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE

Plaintiff FABIO GONZALO VALENCIA, and Defendants HANDY WASH, INC., ZUNI TRANSPORTATION, INC. and JORGE AZOR, by and through their undersigned counsel, jointly submit this Motion requesting that this Court approve the Parties' settlement of the Plaintiffs' respective claims in the above-captioned matters. The good cause warranting this Motion is as follows:

1.    <u>Summary of Motion</u>:  On September 18, 2015, following the evidence portion of the trial and during jury deliberations in the matter of *Pena v. Handy Wash, et al.*, the parties jointly announced in open Court they had reached a global settlement of all Plaintiffs' FLSA and related claims against Defendants in the individual cases involving those drivers who filed claims against Handy Wash, Inc., Zuni Transportation, Inc., and Mr. Azor (following decertification). The parties advised the Court of the material terms of the agreement, and the Court proceeded to conduct a fairness hearing, at which the Court approved the key settlement terms and ordered the parties to submit the settlement document(s) in writing for the Court's Approval. A copy of the fully executed Settlement Agreement is attached as Exhibit "1." The parties reviewed the terms of the

Settlement Agreement, and after consulting with their respective counsel, found its terms acceptable. The Parties were advised and represented by counsel throughout the litigation and settlement process.

2.  <u>Key Settlement Terms</u>:  Pursuant to the global Settlement Agreement, Plaintiffs agreed to accept from Defendants a maximum payment of $260,000.00 (the "Settlement Payment") in full settlement and satisfaction of Plaintiffs' claims against Defendants existing prior to the execution of the Settlement Agreement, including, but not limited to, their claims for attorneys' fees and costs.  The Settlement Payment of $260,000.00 constitutes the maximum amount to be paid by Defendants to Plaintiffs or their counsel in satisfaction.

Of this amount, $90,000.00 represents a maximum Settlement Fund to be apportioned amongst the Plaintiffs in accordance with the Agreed Distribution Schedule that is attached to the Settlement Agreement. At the outset, the parties agreed to a distribution to PENA of $8,000.00 on her FLSA claim, which sum was paid (but which has been held in escrow pending the Court's approval of the written Settlement Agreement).  The Agreed Distribution Schedule represents the sums to be paid to each Plaintiff in satisfaction of the disputed FLSA claims of unpaid overtime wages and liquidated damages. Since the parties agreed that the total amount payable to Plaintiffs in satisfaction of their claims is $80,160.78, and that the remaining $9,839.22 from the $90,000.00 Settlement Fund shall be applied towards the Attorney's Fee Obligation (thereby reducing the total amount payable by the same $9,839.22).

In the event of disagreement by any Plaintiff as to their proposed Distribution, that Plaintiff(s) claim were to be mediated by Magistrate Judge O'Sullivan, pursuant to this Court's referral. On October 21, 2015, Magistrate Judge O'Sullivan successfully presided over a settlement conference in this matter that addressed the claims of three of the Plaintiffs. As of the filing of this

Motion, all Plaintiffs agreed to the Distribution Schedule and have executed the Settlement Agreement. (Exhibit "1".)

Defendants also agreed to pay an Attorney's Fee Obligation of $150,000.00 that shall compensate Plaintiffs' for their attorney's fees incurred in the connection with these disputes. Defendants shall pay an additional sum of $20,000.00 as a Cost Obligation to cover Plaintiffs' court costs.

Defendants' payment obligation is governed by a payment schedule with all payments to be completed no later than January 15, 2016.

3. <u>Parties Request Court Approval</u>:   The key terms of the executed Settlement Agreement mirror the terms previously announced to the Court, and which his Court already approved at the fairness hearing conducted on September 18, 2015. Court approved of the executed Settlement Agreement is required because Plaintiffs' claims were brought pursuant to the FLSA. Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable.

The Court should approve the Parties' Settlement Agreement, as it is both fair and reasonable. There were disputed issues between the Parties, including both liability, exemption, and the amount of overtime hours worked, and the settlement negotiated and reached by the Parties reflects a reasonable compromise of those issues.

WHEREFORE, the Parties respectfully request that the Court approve the Parties' Settlement Agreement and dismiss this action with prejudice.

## MEMORANDUM OF LAW

**I.    THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE IT IS A FAIR AND REASONABLE COMPROMISE OF THE DISPUTE OVER THE PLAINTIFF'S FLSA CLAIMS.**

There are two ways in which claims under the FLSA may be settled and released by

3

employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 219(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, the employee may settle and release an FLSA claim if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354. Thus, the District Court must scrutinize the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute. *See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)(recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the

opinions of counsel). This Court should approve the Parties' Settlement Agreement because it is a fair and reasonable compromise of the Plaintiffs' disputed claims against Defendants.

> **A.** **The Parties' Settlement Is Fair And Reasonable Given The Disputed Issues In The Case And The Considerable Expense of Additional Litigation.**

In this case, it is evident that the proposed settlement is both fair and reasonable. This Settlement Agreement arises out of numerous individual FLSA actions brought by Plaintiffs, in which the Plaintiffs contend that Defendants did not properly pay overtime wages due to their misclassification as independent contractors. The individual FLSA filings followed the Court's May 22, 2015 Order decertifying a conditional FLSA collective action herein in which the Plaintiffs joined as opt-in Plaintiffs. Throughout the proceedings, and all ancillary proceedings, Defendants denied Plaintiffs' claims, and the parties engaged in thorough discovery.

In light of the many significant disputed issues set forth above, the Parties agreed that the Plaintiffs and, concomitantly, the Defendants' likelihood of success on the merits was, at best, uncertain. As a result, the Parties negotiated a settlement that they believe reflects a reasonable compromise of the disputed issues.

> **B.** **The Parties Engaged In Extensive Negotiations, Culminating In A Fair And Reasonable Settlement.**

After the Parties had an opportunity to review each other's documents, their attorneys negotiated a resolution of the FLSA claims. Counsel together with PENA and Defendants initially engaged in negotiations based upon their independent calculations of the value of the claims and the evidence supporting their respective positions, and then counsel and Defendants reach a global resolution of all claims. After multiple rounds of Court-ordered mediation, the trial proceedings in the Pena matter, and several settlement conferences with Magistrate O'Sullivan, each Plaintiff agreed to settle his/her respective claims against Defendants based upon the Agreed Distribution Schedule, which is to be allocated evenly towards the alleged

5

unpaid overtime wages and liquidated damages. The amounts contained on the Agreed Distribution Schedule are more than fair, particularly since Defendants steadfastly contended that Plaintiffs were not misclassified, overstated the amount of their claims, and not entitled to any overtime wages.

The settlement amount and allocation of the settlement amount reflects the Parties' belief that additional litigation is likely to be protracted and expensive, given the claims and defenses that have been asserted. Plaintiffs have been independently represented and counseled by attorney, Brian H. Pollock of FairLaw Firm, throughout the litigation and settlement process, and have voluntarily agreed to the terms of the Parties' Settlement Agreement.

      C.      <u>**Plaintiff's Attorneys' Fees Are Fair And Reasonable**</u>.

Pursuant to the Parties' Settlement Agreement, Defendants agree to pay the Plaintiff's attorney, Brian H. Pollock, Esq., $150,000.00 for his fees and $20,000.00 for costs, payable over time in two installments. This agreed payment of Plaintiff's attorneys' fees and costs is reasonable. These fees and costs are not a percentage of the Plaintiffs' recovery in this case, and there is no correlation between the amount of monetary consideration being paid to the Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiffs' behalf. *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Notably, Courts have held that it is unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees where, as here, both sides stipulated as to the reasonableness of the fees and it is readily apparent that the fees and costs did not diminish the plaintiffs' recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

Here, Brian H. Pollock, Esq. has represented the Plaintiff since the case's inception in January 2014. Throughout this litigation, Plaintiffs' Counsel engaged in case analysis, legal and

factual research, multiple hearings, trial, and conducted settlement negotiations, while expending significant time advocating on behalf of Plaintiffs. The Parties agree that the Plaintiffs' attorneys' fees and costs are reasonable in the context of this case and in the experience of counsel.

## CONCLUSION

The Parties jointly and respectfully request that this Court approve the Parties' Settlement Agreement and dismiss the instant action with prejudice, while retaining jurisdiction through February 15, 2015 to enforce the terms of the parties' Settlement Agreement.

Dated this 21st day of October, 2015.

Respectfully submitted,

| | |
|---|---|
| FAIRLAW FIRM | GRUMER & MACALUSO, P.A. |
| *Counsel for Plaintiff and the Collective* | *Counsel for Defendants* |
| 8603 S. Dixie Hwy, Suite 408 | 101 NE 3rd Avenue, Suite 1420 |
| Miami, FL 33143 | Fort Lauderdale, Florida 33301 |
| Tel:   305.230.4884 | (954) 713-2700 |
| Fax:   305.230.4844 | (954) 713-2713 (fax) |
| | |
| s/*Brian H. Pollock, Esq.* | s/*Keith T. Grumer, Esq.* |
| Brian H. Pollock, Esq. | Keith T. Grumer, Esq. |
| Fla. Bar No. 174742 | Fla. Bar No.: 504416 |
| brian@fairlawattorney.com | Service@grumerlaw.com |