UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20352-CIV-ALTONAGA
CASE NO. 15-22106-CIV-ALTONAGA
CASE NO. 15-22268-CIV-ALTONAGA
CASE NO. 15-22350-CIV-ALTONAGA
CASE NO. 15-22383-CIV-ALTONAGA
CASE NO. 15-22691-CIV-ALTONAGA
CASE NO. 15-22693-CIV-ALTONAGA
CASE NO. 15-22970-CIV-ALTONAGA
CASE NO. 15-22972-CIV-ALTONAGA
CASE NO. 15-22974-CIV-ALTONAGA
CASE NO. 15-22977-CIV-ALTONAGA
CASE NO. 15-23049-CIV-ALTONAGA

**MARIA G. PEÑA**, *et al.*,

    Plaintiffs,
v.

**HANDY WASH, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement . . . ("Motion") [ECF No. 214], filed October 22, 2015 in twelve related cases.[1] The parties reached a global settlement of these related cases, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.*, and seek the Court's approval of the

---

[1] The Motion is docketed as [ECF No. 214] in *Peña v. Handy Wash, Inc. et al.*, No. 14-20352-CMA. The corresponding docket numbers for the Motion in the related cases include: [ECF No. 39] in *Carriel v. Handy Wash, Inc., et al.*, No. 15-22106-CMA; [ECF No. 23] in *Garcia v. Handy Wash, Inc., et al.*, No. 15-22268-CMA; [ECF No. 20] in *Alfonso v. Handy Wash, Inc., et al.*, No. 15-22350-CMA; [ECF No. 22] in *Valencia v. Handy Wash, Inc., et al.*, No. 15-22383-CMA; [ECF No. 10] in *Ramirez Velandia v. Handy Wash, Inc., et al.*, No. 15-22691-CMA; [ECF No. 14] in *Casasola Velasquez v. Handy Wash, Inc., et al.*, No. 15-22693-CMA; [ECF No. 19] in *Delgado v. Handy Wash, Inc., et al.*, No. 15-22970-CMA; [ECF No. 20] in *Lima Kelly v. Handy Wash, Inc., et al.*, No. 15-22972-CMA; [ECF No. 20] in *Perez v. Handy Wash, Inc., et al.*, No. 15-22974-CMA; [ECF No. 18] in *Hernandez v. Handy Wash, Inc., et al.*, No. 15-22977-CMA; and [ECF No. 11] in *Bernales v. Handy Wash, Inc., et al.*, No. 15-23049-CMA.

Settlement Agreement ("Agreement") [ECF No. 214-1] entered into between Defendants, Handy Wash, Inc.; Zuni Transportation, Inc.; and Jorge Azor (collectively "Defendants"); and Plaintiffs, Maria G. Peña; Fabio Valencia; Fernando Bernales; Hugo Ramirez; Ricardo Lima Kelly; Juan Alfonso; Isaias Casasola; Demetrio Perez; Mario Hernandez; Olimpio Delgado; Mercy Carriel; and Jose L. Garcia (collectively "Plaintiffs"[2]).  (*See generally* Agreement).

On September 18, 2015, during jury deliberations in the matter of *Pena v. Handy Wash et al.*, Case Number 14-cv-20352-CMA, the parties jointly announced in open court they had reached a global settlement of all related Plaintiffs' claims against Defendants.  (*See* [ECF 210]). The parties advised the Court of the material terms of the settlement; and the Court conducted a preliminary fairness hearing, approving the key settlement terms, and ordering the parties to submit the Agreement executed by all the affected Plaintiffs for approval by the Court.  (*See id.*).

Upon review of the record and the parties' documented basis for a settlement of the FLSA cases, including an award of attorney's fees, the Court finds that settlement of these actions is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive.  Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 214**[3]**]** is **GRANTED** as follows:

1. The Settlement Agreement **[ECF No. 214-1**[4]**]** entered into between Defendants, Handy Wash, Inc.; Zuni Transportation, Inc.; and Jorge Azor; and Plaintiffs, Maria G. Peña; Fabio Valencia; Fernando Bernales; Hugo Ramirez; Ricardo Lima Kelly; Juan Alfonso;

---

[2] Two additional plaintiffs, Pedro Elias Montaner Flores and Buenaventura Hernandez, are parties to the Agreement.  However, these plaintiffs' cases are presently before the Honorable Robert N. Scola, and the Court will not address them.

[3] *See* fn.1 *supra* for the docket numbers of the Motion in the related cases.

CASE NO. 14-20352-CIV-ALTONAGA

Isaias Casasola; Demetrio Perez; Mario Hernandez; Olimpio Delgado; Mercy Carriel; and Jose L. Garcia, which has been duly filed as a record of the Court, is **APPROVED** in its entirety.

2. The cases are **DISMISSED with prejudice**, with each party to bear its own costs and attorney's fees except as otherwise agreed.

3. The Court retains jurisdiction to enforce the terms of the Agreement.

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2015.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[4] The Agreement is Exhibit 1 to the copies of the Motion filed in all of the related cases.